## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 15-57113 |
| | : | Chapter 7 |
| Midwest Quality Bedding, LLC, | : | Judge John E. Hoffman, Jr. |
| | : | |
| Debtor. | : | |

### TRUSTEE'S RESPONSE AND OBJECTION TO MOTION OF TAYLOR SQUARE OWNER LLC AND TUTTLE CROSSING LLC FOR ALLOWANCE OF CHAPTER 11 AND CHAPTER 7 ADMINISTRAIVE CLAIMS [DOC. #201]

Now Comes Susan L. Rhiel (the "Trustee"), the Chapter 7 Trustee herein, and hereby states the following as her Response and Objection to the Motion of Taylor Square Owner LLC ("Taylor") and Tuttle Crossing LLC ("Tuttle") (collectively, the "Applicants") for Allowance of Chapter 11 and Chapter 7 Administrative Claims (the "Motion") [Doc. #201] filed herein on September 13, 2017.

On November 3, 2015, the Debtor filed a voluntary petition under title 11 of the Bankruptcy Code. On or about March 16, 2017, the Debtor ceased all operations and filed a motion to convert the Chapter 11 to Chapter 7 [Doc. #166]. On April 26, 2017, the Chapter 11 proceeding was converted to Chapter 7 [Doc. #167].

The Applicants seek allowance for rents related to two leases, the Taylor Lease and the Tuttle Lease, for certain months prior to conversion (the "Pre-Conversion Rents") and for the time period of April 27, 2017 through July 7, 2017 (the "Post-Conversion Rents"). The Applicants allege that they are entitled to Chapter 11 Administrative Claims totaling $96,934.80 and Chapter 7 Administrative Claims totaling $54,800.11 (collectively the "Administrative Claims") pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.

Section 503(b) permits an entity to file a request for an administrative expense and generally requires that the services rendered be actual and necessary for preserving the estate. In

order to be entitled to an administrative claim, the Applicants must be able to show that the services it provided to the Debtor (1) arises from a post-petition transaction between the creditor and the debtor [or the Trustee], and (2) confers a direct and significant benefit to the estate. *In re Sunarhauserman, Inc.*, 126 F.3d 811, 816 (6th Cir. 1997). The Applicants have the burden of proof to show that they are entitled to the administrative claims. *Rive v. Bennett (In re Supermarket Investors, Inc.)*, 441 B.R. 333, 343 2010 Bankr. LEXIS 4418, 54 Bankr. Ct. Dec. 9 (Bankr. E.D. Ark. 2010).

The Trustee objects to Administrative Claims as the amounts requested do not reflect the actual benefit to the estate and improperly include charges for real estate taxes. In reviewing a claim for an administrative expense "the Court must analyze the evidence submitted and determine, on a case by case basis, the amount of the benefit to the estate." *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 315 (Bankr.D.Del.2009). The Trustee objects to the Chapter 7 Administrative Claims asserted by the Applicants for the amount of $54,800.40 in their entirety, as no benefit was provided to the estate. The Trustee objects to the Chapter 11 Administrative Claims as they do not accurately reflect the amount of the benefit to the estate. In addition, the Trustee objects to the Administrative Claims for all amounts requested related to the payment of real estate taxes.

It is important to note that the leases were never assumed by the Debtor. The Applicants admit that the leases were never assumed and further allege that the leases "were rejected as a matter of law no later than July 1, 2016." *See* Motion, ¶7. The Trustee objects to any claim for real estate taxes that were not due from the Debtor until after the leases were rejected. In *Sportman's Warehouse*, the Court found that "the Debtor was not legally obligated to pay the [landlord] real estate taxes until after the lease was rejected. Thus, [landlord] is not entitled to an administrative claim. At best, any claim for those taxes would be a general unsecured claim

2

under section 365(g)." *Id* at 316. As such, all claims for real estate taxes requested by the Applicants should be denied.

WHEREFORE, Susan L. Rhiel, Trustee of the bankruptcy estate of Midwest Quality Bedding Inc. dba Mattress Mart respectfully requests that this Court: (1) deny the Applicants' request for Chapter 7 Administrative Claim for Post-Conversion Rents in their entirety; (2) deny the Applicants' request for all Administrative Claims for payment of real estate taxes due after the leases were deemed rejected; (3) determine the appropriate amount of the Chapter 11 Administrative Claims for Pre-Conversion Rents based upon the actual benefit conferred upon the estate.

Respectfully submitted,

*/s/ Beth M. Miller*

Jeffrey M. Levinson (0046746)
Beth M. Miller (0072747)
Levinson LLP
4449 Easton Way, 2nd Floor
Columbus, OH 43219
Telephone: (614) 221-4670
jml@jml-legal.com
bethmiller@jml-legal.com
*Attorneys for Susan L. Rhiel Chapter 7 Trustee*

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2017, a copy of the foregoing *Trustee's Response and Objection to Motion of Taylor Square Owner LLC and Tuttle Crossing LLC for Allowance of Chapter 11 and Chapter 7 Administrative Claims* was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the Court:

Pamela Arndt on behalf of U.S. Trustee Asst US Trustee (Col)
Pamela.D.Arndt@usdoj.gov

Asst US Trustee (Col)
ustpregion09.cb.ecf@usdoj.gov

3

Ralph E Dill on behalf of Creditor Taylor Square Owner LLC
rdill@hmbc.com, skelley@hmbc.com

Ralph E Dill on behalf of Creditor Tuttle Crossing LLC
rdill@hmbc.com, skelley@hmbc.com

Ralph E Dill on behalf of Creditor Westpointe Plaza LP
rdill@hmbc.com, skelley@hmbc.com

Erin Marie Dooley on behalf of Creditor Bureau of Workers' Compensation
Erin.Dooley@mifsudlaw.com, brian.gianangeli@mifsudlaw.com;erin@emdooley.com

Ronald E Gold on behalf of Creditor RVM Glimcher LLC
rgold@fbtlaw.com

Ronald E Gold on behalf of Creditor WP Glimcher Inc.
rgold@fbtlaw.com

Kim Martin Lewis on behalf of Attorney Dinsmore & Shohl LLP
kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com

Joseph Michael McCandlish on behalf of Creditor The Huntington National Bank
jmccandlish@weltman.com, colecfsdo@weltman.com

Geoffrey J Peters on behalf of Creditor The Huntington National Bank
colecfsdo@weltman.com

Joseph C Pickens on behalf of Creditor Market at Liberty Crossing
jpickens@taftlaw.com, khines@taftlaw.com

Tim J Robinson on behalf of Creditor Committee Official Committee of Unsecured Creditors
tim.robinson@dinsmore.com, lisa.geeding@dinsmore.com

Matthew J Thompson on behalf of Debtor In Possession Midwest Quality Bedding, Inc.
lahennessy@ntlegal.com, ntecfmail@gmail.com

And was served the 4th day of October, 2017, by regular U.S. Mail, postage prepaid, upon the following:

Midwest Quality Bedding, Inc.
8400 Industrial Parkway
Plain City, OH 43064

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

*/s/ Beth M. Miller*

Beth M. Miller (0072747)